OA 91 Criminal Complaint

# United States District Court

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA
v.
ISYDRO ALCANTAR-RODRIGUEZ
P.F. a/k/a Peciderio Alcantar Rodriguez

CRIMINAL COMPLAINT

Case Number: 4-08-70519 WDB

ORIGINAL

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state that the following is true and correct to the best of my knowledge and belief. On or about July 30, 2008 in Alameda County, in the Northern District of California defendant(s) did,

(Track Statutory Language of Offense)

after being excluded, deported, or removed from the United States, was found in the United States and was an alien when he was so found; and prior to being excluded, deported, or removed from the United States, was convicted of three or more misdemeanors involving drugs,

in violation of Title 8 United States Code, Section(s) 1326(a) and (b).

PENALTIES: maximum 10 years imprisonment; $250,000 fine; 1 year supervised relese; $100 special assessment.

I further state that I am a(n) Special Agent and that this complaint is based on the following facts:

SEE ATTACHED AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

Continued on the attached sheet and made a part hereof: ☒ Yes ☐ No

Approved As To Form: Joshua Hill AUSA

Name/Signature of Complainant

Sworn to before me and subscribed in my presence,

Date: 7 Aug 08

at San Francisco, California
City and State

BERNARD ZIMMERMAN   U.S. Magistrate Judge
Name & Title of Judicial Officer

Signature of Judicial Officer

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Rocio Franco, Special Agent, U.S. Immigration and Customs Enforcement (ICE), being duly sworn, depose and state:

### I. INTRODUCTION AND PURPOSE OF AFFIDAVIT

1. This affidavit is submitted in support of a criminal complaint against Isydro ALCANTAR Rodriguez, a/k/a Deciderio ALCANTAR, et al, for violating 8 U.S.C. § 1326. The facts set forth in this Affidavit are based on my review of ALCANTAR'S official Immigration Service file (No. A79 216 204), my personal observations, my training and experience, and where noted, information related to me by other law enforcement officials. However, the facts set forth in this Affidavit are not all facts related to ALCANTAR that I know.

### II. AGENT'S BACKGROUND AND EXPERTISE

2. I have been a Special Agent with the U. S. Department of Homeland Security (DHS), U.S. Immigration and Customs Enforcement (ICE) for approximately fifty-six (56) months. I am currently assigned to ICE's San Francisco, California office, and I am responsible for enforcing federal criminal statutes involving criminal aliens who reenter the United States illegally.

### III. APPLICABLE LAW

3. Title 8 U.S.C. § 1326 provides criminal penalties for "any alien who . . . has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously denied admission and removed, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act . . . ."

### IV. FACTS ESTABLISHING PROBABLE CAUSE

4. Isydro ALCANTAR Rodriguez, a/k/a Deciderio ALCANTAR, et al, is a 33 year-old male who is a native and citizen of Mexico. ALCANTAR was deported from the United States to Mexico on or about May 3, 2001. ALCANTAR last entered the United States illegally on an unknown date between May 3, 2001 and July 30, 2008. I know this because ALCANTAR was arrested by the Livermore Police Department (LPD) on July 30, 2008. ALCANTAR knowingly remained in the United States without first having obtained the consent to reapply for admission from the Attorney General of the United States or the United States Secretary of Homeland Security.

5. The official Immigration Service file for ALCANTAR contains one executed Warrant of Removal. The Warrant of Removal is dated May 3, 2001.

-1-

6.  On August 4, 2008 ALCANTAR had his fingerprints taken while in custody at the ICE San Francisco Detention Facility. On August 5, 2008 a request for fingerprint comparison was sent to the Federal Bureau of Investigation's (FBI). The FBI concluded that the fingerprint from ALCANTAR's May 3, 2001 executed warrant of deportation and ALCANTAR's fingerprints from August 4, 2008 were identical to each other and to FBI number 68334WA2.

7.  Prior to being deported on May 3, 2001, ALCANTAR had sustained three or more convictions for misdemeanors involving drugs. I know this based on my review of the Criminal Alien Processing Checklist prepared by ICE officials.

8.  There is no indication in ICE's official files that ALCANTAR has applied for or been granted the requisite permission to reenter the United States from either the Attorney General of the United States or the Secretary of Homeland Security.

## V. CONCLUSION

9.  On the basis of the above information, I submit that probable cause exists to believe that Isydro ALCANTAR Rodriguez, a/k/a Deciderio ALCANTAR, et al, illegally reentered the United States following deportation, in violation of 8 U.S.C. § 1326.

Rocio Franco
Special Agent
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security
San Francisco, California

Subscribed and sworn to before me this ___7___ day of August, 2008.

The Honorable Bernard Zimmerman
United States Magistrate Judge
Northern District of California
San Francisco, California

-2-